IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

KATHERINE PERSON,
 Plaintiff,

v.

CREDIT CORP SOLUTIONS, INC.,
 Defendant.

Civil Action No. 1:26CV-2078
SCS

JURY TRIAL DEMANDED

# AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## I. INTRODUCTION

1. This action arises from Defendant's misuse of the judicial process and continued debt collection activity in violation of the Fair Debt Collection Practices Act and Georgia law.
2. This case is not a simple dispute regarding a debt. Rather, it arises from Defendant's conduct in initiating and maintaining litigation as a means to coerce payment without possessing sufficient evidentiary support and in disregard of Plaintiff's rights.
3. Defendant continued its collection efforts after Plaintiff asserted defenses and counterclaims in prior state court proceedings, thereby engaging in ongoing and independent violations separate from those previously raised.
4. Defendant further refused to participate in arbitration after Plaintiff invoked the contractual dispute resolution mechanism, electing instead to continue litigation in a manner designed to exert pressure on Plaintiff.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.
6. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper pursuant to 28 U.S.C. § 1391.

## III. PARTIES

8. Plaintiff is a natural person residing in Georgia and is a "consumer" under 15 U.S.C. § 1692a(3).
9. Defendant is a "debt collector" under 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

10. Defendant alleges that Plaintiff owes a consumer debt originally associated with Synchrony Bank.
11. Defendant initiated a collection lawsuit against Plaintiff in the Magistrate Court of Gwinnett County, Georgia.
12. During that proceeding, Plaintiff filed an Answer and Counterclaim asserting defenses and statutory claims.
13. The claims asserted in this action arise from Defendant's conduct **after and independent of** those counterclaims and are not duplicative of the issues previously raised.
14. Following the filing of Plaintiff's counterclaim, Defendant continued to pursue collection activity through litigation without producing competent, admissible evidence establishing its right to collect the alleged debt.
15. Defendant maintained the lawsuit despite lacking documentation sufficient to establish ownership, assignment, or the amount of the alleged obligation.
16. Defendant's continued prosecution of the action without evidentiary support constitutes the use of judicial process as a collection mechanism rather than a legitimate effort to adjudicate a claim.
17. The governing credit agreement associated with the alleged account contains a binding arbitration provision applicable to the original creditor and its successors and assigns.
18. Plaintiff invoked arbitration pursuant to the terms of the agreement in an effort to resolve the dispute through the contractually designated forum.
19. Defendant, as an entity claiming the right to collect the alleged debt, is bound by the terms of the agreement, including the arbitration provision.
20. Despite receiving Plaintiff's arbitration demand, Defendant refused to participate in arbitration.
21. Instead, Defendant continued to prosecute litigation against Plaintiff.
22. Defendant's refusal to engage in arbitration while continuing litigation reflects bad faith conduct and an intent to increase pressure on Plaintiff to pay the alleged debt.
23. Upon information and belief, Defendant routinely initiates and maintains collection lawsuits without possessing sufficient documentation at the time of filing.
24. Defendant's conduct in this case is part of a broader pattern of using litigation as leverage rather than as a legitimate adjudicative process.

25. Defendant's actions were willful, intentional, and carried out in reckless disregard of Plaintiff's rights.
26. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages including emotional distress, financial harm, and loss of time.

# V. CAUSES OF ACTION

## COUNT I

### FDCPA – False, Deceptive, or Misleading Representations

(15 U.S.C. § 1692e)

27. Plaintiff incorporates all preceding paragraphs.
28. Defendant represented that it had the legal right to collect the alleged debt.
29. Defendant further represented that the alleged debt was valid and enforceable through the filing and maintenance of a lawsuit.
30. At the time such representations were made and continued, Defendant lacked sufficient competent evidence to substantiate the alleged debt.
31. Defendant's continued prosecution of the lawsuit constitutes a false representation regarding the legal status and enforceability of the debt.
32. Such conduct is deceptive and misleading in violation of the FDCPA.

## COUNT II

### FDCPA – Unfair and Unconscionable Means

(15 U.S.C. § 1692f)

33. Plaintiff incorporates all preceding paragraphs.
34. Defendant used unfair and unconscionable means to collect a debt by employing litigation as a coercive tool rather than a legitimate dispute resolution mechanism.
35. Defendant continued its collection efforts despite Plaintiff's disputes and invocation of arbitration.
36. Defendant's conduct constitutes an abuse of the debt collection process and violates the FDCPA.

## COUNT III

### Georgia Fair Business Practices Act

(O.C.G.A. § 10-1-390 et seq.)

37. Plaintiff incorporates all preceding paragraphs.

38. Defendant engaged in unfair and deceptive acts in the conduct of consumer transactions.
39. Defendant misrepresented its legal right to collect the alleged debt and pursued litigation without substantiating its claims.
40. Defendant's conduct is immoral, unethical, oppressive, and substantially injurious to consumers.
41. Plaintiff is entitled to damages under Georgia law.

## COUNT IV

## Abuse of Process (Georgia Common Law)

42. Plaintiff incorporates all preceding paragraphs.
43. Defendant used legal process for a purpose other than that for which it was designed.
44. Defendant's use of litigation was intended to coerce payment rather than to resolve a legitimate dispute supported by evidence.
45. Defendant's conduct constitutes abuse of process.

## COUNT V

## Breach of Contract (Arbitration Provision)

46. Plaintiff incorporates all preceding paragraphs.
47. The governing credit agreement contains a valid and binding arbitration provision applicable to disputes arising from the account.
48. The arbitration provision applies to the original creditor and its successors, assigns, and entities engaged in collection of the account.
49. Defendant claims rights as an assignee or entity authorized to collect the alleged debt and is therefore bound by the agreement.
50. Plaintiff invoked arbitration in accordance with the agreement.
51. Defendant refused to participate in arbitration.
52. Defendant instead continued litigation against Plaintiff.
53. Defendant's refusal to honor the arbitration provision constitutes a material breach of contract.
54. As a direct result of Defendant's breach, Plaintiff suffered damages including financial harm, emotional distress, and loss of time.
55. Defendant's conduct was willful and in bad faith.

# VI. DAMAGES

56. Plaintiff has suffered:
- Emotional distress
- Financial harm

- Loss of time

57. Defendant's conduct was willful, entitling Plaintiff to statutory and punitive damages.

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award actual damages;
B. Award statutory damages under the FDCPA;
C. Award punitive damages;
D. Award costs and fees;
E. Grant all other relief deemed just and proper.

# VIII. JURY DEMAND

Plaintiff demands trial by jury.